NOT FOR PUBLICATION

```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

```
 JOAN BARONE

                        Plaintiff,          Civ. No. 03-1934 (WGB)

 v.

 MOUNTAIN CREEK RESORT, INC., HANK           MEMORANDUM OPINION
 SANDERS, INC., and VALLEY
 LANDSCAPING NORTH

                        Defendants.
```

APPEARANCES

Robert K. Marchese, Esq.
27 West Street, Suite 2
Red Bank, New Jersey 07701

    Attorney for Plaintiff


Joseph F. Trinity, Esq.
Gebhardt & Kiefer, PC
1318 Route 31
PO Box 4001
Clinton, NJ 08809-4001

    Attorney for Defendant Hank Sanders, Inc.


**BASSLER, SENIOR DISTRICT JUDGE:**

    Defendant Sanders files this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  For the following reasons, Defendant's motion is **granted.**

**I. Background**

On December 8, 2002, Joan Barone ("Barone"), a New York resident, drove her son and his friends to a Vernon, New Jersey ski resort. Barone parked, got out of her car, and slipped upon the sidewalk, fracturing her ankle. She brought a negligence action against Mountain Creek Resort, Inc. ("Mountain Creek"), the resort's owner; Valley Landscaping North ("Valley"), the company contracted to maintain the sidewalks and walkways; and Hank Sanders, Inc. ("Sanders"), the company contracted to plow the resort's parking lots.

Barone claims that the three defendants breached their duty of care to Mountain Creek's business invitees, both by causing the sidewalk to become icy and by failing to warn of the threat thus created. She claims that this negligence was a substantial factor in and proximate cause of her injury and subsequent physical and economic losses.

Specifically with regard to Defendant Sanders, Barone claims that when Sanders plowed the main parking lot on December 5, it left large piles of snow around the parking lot and near the sidewalks. When the weather changed over the following days, the snow melted onto the sidewalks and then froze again, creating an icy condition.

Sanders contends that it owes no duty to Plaintiff, as the injury occurred on a sidewalk owned by Mountain Creek and

maintained by employees from Mountain Creek and Valley, and not by Sanders or its employees.

Since the record shows that Mountain Creek directed Sanders as to placement of the snow, and that Sanders' last contact with the parking lot in question was three days prior to Barone's accident, Sanders argues that any duty it may have had to Barone had ceased by the time the accident occurred.  Sanders now moves for summary judgment against Plaintiff's claims.

The Court's jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332, as it is between citizens of different states,[1] and the amount in controversy exceeds $75,000, exclusive of interest and costs.

The event giving rise to this action occurred in New Jersey, and the parties' rights and liabilities are determined by New Jersey law.  <u>Galvin v. Jennings</u>, 289 F.2d 15, 16 (3d Cir. 1961).

## II. Analysis

### A. Summary Judgment Standard

The Court may grant a motion for summary judgment if the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

---

[1] Plaintiff is a New York resident.  Defendant Mountain Creek is a New Jersey corporation; Defendant Valley is a company with its principal place of business in New Jersey; and Defendant Sanders is a New Jersey corporation with its principal place of business in New Jersey.

of law." Fed. R. Civ. P. 56(c). Plaintiff attempts to create an issue of material fact by raising the question of whether Sanders plowed snow into piles adjacent to the sidewalk. Assuming this fact in Plaintiff's favor for the purposes of this summary judgment motion, Smith v. Pittsburgh gage & Supply Co., 464 F.2d 879, 874 (3d Cir. 1972), the Court nevertheless concludes that Defendant is entitled to judgment as a matter of law.

**B. Duty of Care**

In order to make out a successful claim of negligence, Plaintiff must first show that Defendant owed her a duty of care. Kernan v. One Washington Park Urban Renewal Associates, 154 N.J. 437, 445 (1997). Whether or not a defendant owes a duty of care is a matter of law to be determined by the Court. Id. In making its determination, the Court may look to factors including the relationship of the parties and the opportunity and ability to exercise care. Id.

It is well settled that a commercial landowner owes a duty of care to its business invitees. Monaco v. Hartz Mountain Corp., 178 N.J. 401, 414 (2004). This duty obligates the landowner to inspect its property and to correct or warn invitees of any hazardous conditions. Id. at 414-15. The question presented here, however, is whether a party contracted by the landowner may be held liable in negligence for an injury sustained by a third party on the

landowner's property.

Under New Jersey law, a contractor's duty of care to third parties terminates immediately upon completion of a given project and acceptance of that project by the employer. Miller v. Davis & Averill, Inc., 137 N.J.L. 671, 674-75 (E. A. 1948). While the New Jersey Supreme Court purported to overrule this principle in Totten v. Kelly & Gruzen, 52 N.J. 202, 210 (1968), State courts continue to embrace the idea that a contractor's duty regarding a third party only extends as far as its contract with its employer permits. Thompson v. Capitol City Contracting, No. A-6644-03T5, at 3 (N.J. Super. Ct. App. Div. Apr. 4, 2005); see also Aronsohn v. Mandara, 98 N.J. 92, 105-06 (1984) (stating that, while a contractor's duty of care to a third party may continue after the work is completed, any third party claim of negligence stemming from a commercial relationship must rest upon violation of an implied provision in the employer-contractor agreement).

Furthermore, in Cogliati v. Ecco High Frequency Corp, the New Jersey Supreme Court analogized the relationship an owner and his predecessor in interest share with a third party to the relationship between an owner, an independent contractor, and an injured third party. 92 N.J. 402, 409 (1983). The court describes the reasoning underlying the rule that a contractor whose work has been completed and accepted by an owner should not be held liable for any third-party injury occurring subsequently, stating that, as

5

long as possession and control are exclusively in the hands of the owner, the contractor has "no authority or permission to rectify the condition on property not belonging to him. Since the contractor could not lawfully effect a remedy, his duty had terminated." Id.

This reasoning is relevant here. The deposition of Henry Sanders, Jr., a partner and officer of Hank Sanders, Inc., shows the agreement between Sanders and Mountain Creek provided that Sanders would only remove snow from Mountain Creek parking lots when Robert Faasse, a Mountain Creek representative, called and requested that it do so. Sanders Dep. 9-10, 32. Once Sanders had completed the duties assigned to it on a given day, it was not obligated to plow again until receiving an additional request from Mountain Creek.[2] Id. at 32. The evidence shows that Mountain Creek made no such request after December 5. Id. Sanders had no authority to rectify the condition, and Sanders' obligation to Mountain Creek (and by extension, to Barone) was thus no longer in place by December 8.

Furthermore, the depositions of both Henry Sanders, Jr. and Robert Faasse indicate that the decisions as to placement of the

---

[2] In his deposition, Robert Faasse said that, under the agreement, Sanders would come to Mountain Creek without a telephone request if at least two inches of snow had fallen. R. Faasse dep. 20. Since neither party claims that there was additional snowfall between December 5 and December 8, this statement does not bear on the analysis.

plowed piles of snow were made by Mountain Creek employees, and not by Sanders.  <u>Sanders Dep.</u> 14, <u>Faasse Dep.</u> 22.

The facts of this case resemble the facts of <u>Thompson v. Capitol City Contracting</u>, in which the Appellate Division held that where a contractor's obligation was not a continual one, and where it was subject to directions from the employer, the contractor was not liable for an injury sustained after the completion of the contractor's services.  No. A-6644-03T5, at 5-6.

In <u>Thompson</u>, a teacher who slipped in a school's icy parking lot sought to recover damages from the contractor hired to remove snow and ice.  <u>Id.</u> at 2.  That contractor, much like Sanders, had completed the job three days before the plaintiff's accident.  <u>Id.</u>  The temperature in that parking lot, like the temperature in Mountain Creek's parking lot, fluctuated over the subsequent days, causing the snow to melt and freeze again.  <u>Id.</u> at 5.  The school, like Mountain Creek, did not call the defendant plow company and request any additional work before the occurrence of the teacher's accident.  <u>Id.</u> at 4-5.

The Appellate Division affirmed the trial court's grant of summary judgment in favor of the defendant, stating that any duty owed by a contractor to a third party "terminates upon completion of the contractor's services and when the condition of the property subsequently changes in a way that brings about the injuries complained of."  <u>Id.</u> at 6.

Plaintiff tries to distinguish <u>Thompson</u>, stating that the melting and subsequent freezing of snow is not a "natural" condition, but rather an artificially created one that resulted from Defendant's placement of snow. This distinction is insufficient, as the melting and freezing of fallen snow resulting from changes in the air temperature is certainly natural; and regardless, <u>Thompson</u> requires only that the condition has changed, not that it has changed in any particular way. <u>Id.</u> at 5-6.

Since Sanders completed the services it had been contracted to do, and since the subsequent change in weather brought about the icy condition causing Barone's injury, Sanders' duty to Barone had terminated prior to the occurrence of the accident.

**III. Conclusion**

Defendant's Motion for Summary Judgment is **granted**, and judgment will be entered for Defendant Sanders. An appropriate Order follows.

                                    /s/ William G. Bassler
                                  WILLIAM G. BASSLER, U.S.S.D.J.


Dated: January 30, 2006